IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MARVIN LEE NETTLES,**
    Plaintiff,

vs.                                         3:10cv87/RV/MD

**CITY OF PENSACOLA POLICE DEPARTMENT,**
    Defendants.

---

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 5 & 7).

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this

ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682, 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.) Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

The incident giving rise to the allegations in the instant complaint occurred before the plaintiff's incarceration. Plaintiff has repeated the allegations in his amended complaint almost identically to those set forth in the initial complaint. Plaintiff asserts that he was pulled over by an unnamed officer or officers driving a Pensacola Police cruiser on May 21, 2008 for a traffic violation. After the plaintiff's license check came back clear, the officer asked if they (apparently more than one officer was present) could search plaintiff's vehicle. When plaintiff asked if they had a search warrant, the officer responded in the negative, but indicated that they would search anyway. Plaintiff stepped out of the car and 4 or 5 more officers showed up. He said that he feared for his life, and began to run away. While he was fleeing the scene, plaintiff states that Sgt. Bower hit him with his police cruiser "out of no where." (Doc. 10 at 6). Plaintiff was seriously injured as a result of the impact and had to have surgery and follow-up medical care, much, if not most of which, took place while he was in custody. Plaintiff was convicted of possession of cocaine and sentenced to a term of five years imprisonment after this incident. He is currently incarcerated at the Northwest Florida Reception Center.

In the amended complaint, plaintiff claims that the Police Department of Pensacola violated his fourth amendment rights by illegally searching his vehicle without a warrant and without his consent, and violated his eighth amendment rights when he was struck by the police cruiser. He also attaches a form of unidentifiable origin upon which he indicates that this case falls into the category of "other negligence" and "other" civil. (Doc. 10 at 10). Only the "City of Pensacola Police Department" is named as a defendant in this action.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

    1. whether the conduct complained of was committed by a person acting under color of state law; and

    2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988) (citations omitted); *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West*).

Plaintiff again appears to claim that Sgt. Bower's collision with him can be characterized as "excessive force," although he cites the eighth, rather than the fourth, amendment. As plaintiff was previously instructed, claims involving allegations of excessive use of force in making an arrest arise under the fourth and not the eighth amendment. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989); *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). The factual allegations as presented still do not support a claim that a fourth amendment violation occurred. Plaintiff's description of the event, that Sgt. Bower came "out of no where" and hit him as he fled down the street away from the scene of the traffic stop suggests neither that the collision was intentional, nor that it was a part of effectuating the plaintiff's arrest. If plaintiff means to allege that Sgt. Bower was negligent, which the attachment to the complaint suggests, this is an entirely different matter, and does not support a constitutional claim under § 1983. Additionally, even if plaintiff had stated a claim against Sgt. Bower, Bower is no longer named as a defendant in this action, and plaintiff has offered no basis for holding the City of Pensacola liable for the actions of Sgt. Bower.

Although, liberally construed, plaintiff has amended his complaint to name the City of Pensacola as a defendant in this action in lieu of the Pensacola Police Department, this amendment does not alter the fact that there is no basis for holding the City of Pensacola liable for the incident described in the complaint. *Respondeat superior*, or supervisory liability, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor

personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). No such link is apparent from the allegations of plaintiff's complaint.

A plaintiff seeking to impose liability on a municipality under § 1983 must identify a particular municipal "policy" or "custom" that caused the constitutional injury. *Board of County Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality.... A custom is a practice that is so settled and permanent that it takes on the force of law." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir.1999) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997), cert. denied, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998)); see also *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1307 (11th Cir. 2001). Plaintiff must show that a county policy or custom was the "moving force" that caused the alleged constitutional violations to establish the county's § 1983 liability. *McElligott v. Foley*, 182 F.3d 1248, 1259 (11th Cir. 1999); *Young v. City of Augusta, GA.,* 59 F.3d 1160, 1171 (11th Cir. 1995)

A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy that resulted in a constitutional violation and will not state a claim. See *Dwares v. City of New York,* 985 F.2d 94, 100 (2nd Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985)); *Dyno v. Village of Johnson City*, 240 Fed.Appx. 432 (2nd Cir. 2007) (citing *Dwares*); *Rivers v. Escambia County Jail*, 2005 WL 2176863 (N.D. Fla.

2005). Plaintiff's allegations do not suggest a policy or custom of having police cruisers collide with fleeing suspects, and likewise does not support the conclusion that the Pensacola Police Department has a policy of encouraging officers to engage in unconstitutional searches, if this is even what occurred. Thus, plaintiff has failed to state a constitutional claim against the City of Pensacola.

After careful review, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim for a violation of 42 U.S.C. § 1983..

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 21st day of May, 2010.


/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).